IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMER SINGH SIDHU,            ) | CV F 06-1536 AWI DLB |
|                        ) | |
|           Plaintiff,     ) | MEMORANDUM OPINION |
|   v.                             ) | AND ORDER GRANTING |
|                        ) | DEFENDANTS' MOTION TO |
| MICHAEL CHERTOFF, SECRETARY  ) | DISMISS |
| OF HOMELAND SECURITY, et al.,   ) | |
|                        ) | ORDER DISMISSING ACTION |
|          Defendants.    ) | |
| _____) | (Document #14) |

## BACKGROUND

On October 31, 2006, Plaintiff filed a complaint for a declaratory judgment of naturalization under 8 U.S.C. § 1447(b) and 8 U.S.C. § 1421(c) and for fees under 5 U.S.C. § 504 and 28 U.S.C. § 2412.   The complaint alleges that on or about April 2003 Plaintiff filed an application for naturalization.   The complaint alleges that Plaintiff went to take the United States Citizenship test on September 1, 2005, but in lieu of taking the test, Plaintiff submitted medical certification for a disability exception.   The complaint alleges that Plaintiff has checked on the status of his application and has submitted additional documents.  Plaintiff requests that this court de novo review his application for naturalization pursuant to 8 U.S.C. § 1447(b) and 8 U.S.C. § 1421(c).

On March 2, 2007, Defendants filed a motion to dismiss the complaint for lack of jurisdiction.   Defendants provide evidence that on November 2, 2006, the Service denied

1  Plaintiff's pending application.   Defendants state that this was done despite the pendency of this

2  action because Defendants were not served with this action until November 7, 2006.

3  Defendants contend that this court lacks jurisdiction because Plaintiff's application has been

4  denied.

5       Plaintiff did not file an opposition or other response to Defendants' motion to dismiss.

6                                              **LEGAL STANDARD**

7       Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack

8  of subject matter jurisdiction.   It is a fundamental precept that federal courts are courts of limited

9  jurisdiction.   Limits upon federal jurisdiction must not be disregarded or evaded.  Owen

10 Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).   The plaintiff has the burden to

11 establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S.

12 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient

13 allegations to show a proper basis for the court to assert subject matter jurisdiction over the

14 action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P.

15 8(a)(1).

16      A defendant may attack the existence of subject matter jurisdiction apart from the

17 pleadings.[1]  Mortensen, 549 F. 2d at 891.   In such a case, the court may rely on evidence

18 extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  St. Clair v. City of

19 Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th

20 Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983).  "No presumptive

21 truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not

22 preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill

23

24  ────────────────

25      [1]  When a defendant challenges jurisdiction "facially," all material allegations in the
    complaint are assumed true, and the question for the court is whether the lack of federal
    jurisdiction appears from the face of the pleading itself.  Thornhill Publishing Co. v. General
26  Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979);  Mortensen v. First Fed. Sav. & Loan
    Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D.
27  Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

28                                                   2

Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

## DISCUSSION

**A.  Naturalization Proceedings**

Title 8 U.S.C. § 1446 provides directions to an applicant, like Plaintiff, who wishes to file an application for naturalization.   Once an application is filed, 8 U.S.C. § 1446 lists the Service's requirements to conduct an investigation and have an examination.   The Service employee "designated to conduct any such examination shall make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C.A. § 1446(d).  Title 8 C.F.R. § 336.1 provides that after completing all examination procedures and "determining to deny an application for naturalization, the Service shall serve a written notice of denial upon an applicant for naturalization no later than 120 days after the date of the applicant's first examination on the application."   8 C.F.R. § 336.1(a).

If the Service denies the application for naturalization, the applicant may request a hearing before a senior immigration examiner.   8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.   The hearing before the senior immigration examiner must be conducted promptly and no later than 180 days from the date the appeal is filed. 8 C.F.R. § 336.2(b).

If the examiner upholds the denial on appeal, the applicant may appeal the decision to a district court pursuant to 8 U.S.C. § 1421(c).   See 8 C.F.R. § 336.9(b) & (c).   Title 8 U.S.C. § 1421(c) provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

**B.  Issue Before the Court**

In this action, Defendants provides evidence that after this action was filed, the Service denied Plaintiff's applications for naturalization.   There is no indication on whether Plaintiff

3

1   appealed this denial by requesting a hearing before a senior immigration examiner pursuant to 8

2   U.S.C. § 1447(a) and 8 C.F.R. § 336.2.   Thus, the issues are whether this court has jurisdiction

3   over this action, and what remains for the court to adjudicate.

4   **C.   Section 1447(b) Jurisdiction**

5          Plaintiff invokes this court's jurisdiction pursuant to 8 U.S.C. § 1447(b).   The United

6   States Code provides a remedy if the Service fails to serve written notice within 120 days of an

7   interview as set forth in 8 C.F.R. § 336.1.   If the Service fails to grant or deny a naturalization

8   application within 120 days after the applicant is interviewed, the applicant may filed an

9   application in United States District Court on the matter.   Title 8 U.S.C. § 1447(b) reads:

10          (b) Request for hearing before district court
            If there is a failure to make a determination under section 1446 of this title before
11          the end of the 120-day period after the date on which the examination is
            conducted under such section, the applicant may apply to the United States district
12          court for the district in which the applicant resides for a hearing on the matter.
            Such court has jurisdiction over the matter and may either determine the matter or
13          remand the matter, with appropriate instructions, to the Service to determine the
            matter.
14

15   Title 8 U.S.C. § 1447(b) gives the district court exclusive jurisdiction over a pending

16   naturalization application when: (1) over 120 days pass from the date of the initial examination;

17   (2) the applicant properly invokes the court's authority; and (3) there are no deportation

18   proceedings pending against the applicant.   United States v. Hovsepian, 359 F.3d 1144, 1164 (9th

19   Cir. 2004).   In United States v. Hovsepian, the Ninth Circuit addressed whether 8 U.S.C. §

20   1447(b) gives district courts exclusive jurisdiction or concurrent jurisdiction over naturalization

21   applications.   Hovsepian, 359 F.3d at 1159-60.   The Ninth Circuit held that 8 U.S.C. § 1447(b)

22   allows the district court to obtain exclusive jurisdiction over those naturalization applications on

23   which the Service fails to act within 120 days if the applicant properly invokes the court's

24   authority.   Hovsepian, 359 F.3d at 1164.

25          Here, Plaintiff asks the court to exercise exclusive jurisdiction pursuant to 8 U.S.C. §

26   1447(b) over Plaintiff's naturalization application.   However, the Service has already granted

27

28                                                     4

1 Plaintiff the remedy he seeks.   The Service denied the application.

2    The court notes that the Service denied the application after this action was filed.

3 However, not all invocations of 8 U.S.C. § 1447(b) are sufficient to vest exclusive jurisdiction in

4 the district court.   Hovsepian distinguished prior Ninth Circuit authority found in Sze v. INS,

5 153 F.3d 1005 (9th Cir.1998).   In Sze, the INS granted a naturalization application after the

6 plaintiffs sued under 8 U.S.C. § 1447(b). In Hovsepian the Ninth Circuit found that the district

7 court in Sze did not have exclusive jurisdiction because the applicant in Sze did not ask the

8 district court to decide the applicants' naturalization petition, but rather requested the court issue

9 a writ of mandamus requiring the INS to act faster on the applications.  Hovsepian, 359 F.3d at

10 1161.   Because the issue in Sze was only a request to force the INS to act, and the applicants

11 were not asking the district court to review the naturalization applications de novo, the Ninth

12 Circuit court had no occasion to examine whether it could act.  Hovsepian, 359 F.3d at 1161.

13 Similarly, because Plaintiff has received what he sought – a ruling on his application – the court

14 finds the Service maintained jurisdiction to deny the application despite the pendency of this

15 action.

16 **D.  Section 1421(c)**

17    In the complaint, Plaintiff also asks that the court review the Service's actions pursuant to

18 8 U.S.C. § 1421(c).   Other than the limited review set forth under Section 1447(b) and

19 discussed above, the court may **only** review the denial of a naturalization application if the

20 applicant has exhausted his or her administrative appeals.  See  8 U.S.C. §1421(c).

21 "Unsuccessful applicants must first take an administrative appeal of the denial and complete the

22 INS's administrative process before seeking judicial review."  Hovsepian, 359 F.3d at 1162 n.15

23 (citing 8 U.S.C. § 1421(c), (d); 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.); Pichardo-Martinez v.

24 Ashcroft,  399 F.Supp.2d 1043, 1045 (D.Ariz. 2005).

25    The court lacks jurisdiction to review Plaintiff's naturalization application under Section

26 1421(c)  because he has not yet exhausted his administrative remedies by obtaining a hearing

27

28                                                  5

before an immigration officer and final decision.  Title 8 U.S.C. § 1447(a) provides: "If, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer."   Where, as here, exhaustion of administrative remedies is required by statute, exhaustion is jurisdictional and must be enforced. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992); Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989); Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004). Accordingly, the court lacks jurisdiction over this action pursuant to Section 1321(c).

**E.  Equal Access To Justice Act**

While not specifically addressed in Defendants' motion, the complaint lists the Equal Access to Justice Act as a basis of this action.   The Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides that prevailing parties in certain adversarial proceedings against the United States may recover attorney's fees from the United States.   Title 5 U.S.C. § 504(a)(1) provides:

> An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought.

5 U.S.C. § 504(a)(1).   Here, Plaintiff would not be entitled to these fees because, at this time, Plaintiff is not the prevailing party.

In general, the fees and expenses allowed for by Section 504(a)(1)  are for adjudications made under the Administrative Procedure Act that are subject to or governed by 5 U.S.C. § 554. Ardestani v. INS, 502 U.S. 129, 135 (1991);  Collord v. U.S. Dept. of Interior,  154 F.3d 933, 936 (9th Cir. 1998).   Generally, immigration proceedings are not governed by the Administrative Procedure Act.  See  Ardestani, 502 U.S. at 137; Silveyra v. Moschorak, 989 F.2d 1012, 1015 (9th Cir.1993); Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir.1992);  Full Gospel Portland

Church v. Thornburgh,  927 F.2d 628, 630-31 (D.C. Cir.1991); Clarke v. INS, 904 F.2d 172, 174-78 (3d Cir.1990).  Thus, Plaintiff would not be entitled to the fees and costs that have arisen out of Plaintiff's naturalization application.

Finally, nothing in 5 U.S.C. § 504, nor any other provision of the EAJA, provides a basis for this court's jurisdiction over this action.

## ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1.      Defendants' motion to dismiss is GRANTED;

2.      This action is DISMISSED without prejudice; and

3.      The Clerk of the Court shall close this file as this order terminates this action.

IT IS SO ORDERED.

**Dated:    April 12, 2007**                              **/s/ Anthony W. Ishii**
                                                                    UNITED STATES DISTRICT JUDGE